UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM BURN HOWARD,

    Plaintiff,

       v.                         CAUSE NO. 3:23-CV-1117-JD-JEM

JAMES SMITH, et al.

    Defendants.

OPINION AND ORDER

William Burn Howard, a prisoner without a lawyer, filed a vague and confusing complaint against eight defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Howard, who is housed at the Kosciusko County Jail, seems to allege that jail officials violated a number of his constitutional rights. ECF 1. In his complaint, he lists seven paragraphs made up of phrases, addresses, caselaw, and other information.[1] *Id.* at

---

[1] By way of example, one of the seven paragraphs reads as follows: "Medical record theft-robbery 9-Cell/FBlock M4002 1483 AM80220318, 4A1836 270 Pat Howard William Burn FIN M4000195146 C10X Health FID 2659941-58 20544 1-800-367-1500 Atlanta, GA 30384-9822, P.O. Box 409822, 140 pages, SSN, OLN, Address, Blood Type, D.O.B. *Spinkellink v. Wainwright*, 578 F.2d 582 (5th Cir. 1978). ECF 1 at 2.

2-3. However, the court cannot decipher or understand what Howard is asserting in each of the seven paragraphs or who he is trying to hold liable and why.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Howard believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

2

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS William Burn Howard until **April 30, 2024**, to file an amended complaint; and

(2) CAUTIONS William Burn Howard if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 28, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT